**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RANDY BAADHIO, | : | |
| | : | Civil Action No. 15-2752 (MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRIAN HOFACKER, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Randy Baadhio ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Court previously granted Plaintiff *in forma pauperis* status. (ECF No. 3.) At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). For reasons stated below, the Court dismisses Plaintiff's claims related to his eviction and false criminal charges without prejudice, and allows Plaintiff's excessive force and denial of medical services claims to proceed.

## I.     FACTUAL BACKGROUND

The Court recites only those facts relevant for the purposes of this Opinion. Plaintiff's claims arise out of three separate incidents. The first incident occurred in February of 2014, when Plaintiff alleges that he was forced by state officials to vacate his rental apartment. Compl. 14, ECF No. 1. Plaintiff alleges that Defendants Brian Kofacker, Sean Sullivan, Robert Palmer,

Christine Madrid, Matthew Ambrosino, Joesph McGovern, and Valerie Meluskey conspired to illegally remove him, under color of law, from his rental apartment while he had a valid lease. *Id.* at 3-6. Plaintiff also asserts that his personal property in the apartment was never returned to him, which amounted to illegal confiscation by the above-named Defendants. *Id.* at 4.

The second incident occurred on May 8, 2014, when Plaintiff alleges that he was assaulted by Defendant Monica Braun while under state custody. *Id.* at 8. Plaintiff further alleges that Defendants Timothy Bruey and Nurse Sinclair witnessed the assault but allowed it to happen, and that Timothy Bruey helped Monica Braun cover up the assault by manufacturing false evidence and making false criminal charges against Plaintiff. *Id.* at 9, 11. Moreover, Plaintiff asserts these three Defendants, along with Defendants Saint Francis Hospital and Matthew Ambrosino, conspired to deny Plaintiff proper medical services for injuries that resulted from the above assault. *Id.* at 10.

The balance of the Complaint consists mostly of allegations of false charges, a "sham parole term," and the resulting false arrest, malicious prosecution, and false imprisonment. Plaintiff alleges that they occurred as retaliation against Plaintiff for his various whistle-blower activities. However, the Complaint does not allege that any of the false charges or parole terms were overturned or invalidated.

Lastly, Plaintiff raises a claim against Community Education Centers ("CEC") for deplorable prison conditions unrelated to any of the claims above. *Id.* at 12.

## II.     STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 18(a)(2). "Specific facts are not

2

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III.   DISCUSSION

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

### A. May 8, 2014 Incident

With regard to the assault and the subsequent denial of medical services that occurred on May 8, 2014, the Court construes those as claims of excessive force and denial of medical services in violation of the Eighth Amendment. Claims against Defendants Monica Braun, Timothy Bruey, Matthew Ambrosino, and Nurse Sinclair for this incident are allowed to proceed.

However, Plaintiff's claims against Saint Francis Hospital are dismissed. Under § 1983, a private corporation performing a state function[1] cannot be held liable under a theory of *respondeat superior*. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669-70 (3d Cir. 2010) (holding that a private corporation providing medical services at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit); *Lassoff v. N.J.*, 414 F. Supp. 2d 483, 494 (D.N.J. 2006) (finding "almost every court to have considered the issue" has extrapolated the holdings of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), to apply to private companies performing state functions).[2]

---

[1]   Private corporations contracted by the state to provide medical services to prisoners are deemed to be performing a state function. *See West v. Atkins*, 487 U.S. 42, 55 (1988); *Miller v. Beard*, 699 F. Supp. 2d 697, 705 (E.D. Pa. 2010) ("[A] private corporation acts under the color of state law when it contracts to provide medical services to state inmates[.]") (citing *Bivens v. Corr. Med. Servs., Inc.*, No. 05-3444, 2006 WL 2689821, at *4 (D.N.J. Sept. 14, 2006)).

[2]   Although the Court is constrained to follow the Third Circuit's non-precedential decision in *Weigher*, some courts have decided differently. *See, e.g., Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp. 2d 459, 472-73 (E.D. Tex. 2003).

> [T]he court finds no persuasive policy justification for shielding private employers from vicarious liability. While the Supreme Court has found that Congress did not want to create a "federal law of *respondeat superior*" imposing liability in municipalities in the § 1983 context because of "all the constitutional problems associated with the obligation to keep the peace," *Monell*, 436 U.S. at 693, this court cannot find any similar concerns implicated in the private context. Imposing liability on private corporations affects neither the state's police power nor its ability to regulate its municipalities. Instead, allowing the imposition of vicarious liability would seem to keep Congress within its broad power to regulate interstate

Here, Plaintiff's claims against Saint Francis Hospital are premised upon a theory of *respondeat superior*. (See ECF No. 1 at 10) ("St. Francis, via one of its nurse[s], issued a fraudulent medical clearance"). Plaintiff does not allege that any particular policy or custom adopted by Saint Francis Hospital caused the denial of medical services to him. Consequently, there is no indication that Saint Francis Hospital has directly violated Plaintiff's constitutional rights as required in a § 1983 action and, therefore, the Court dismisses all claims against Saint Francis Hospital.

---

commerce. Thus, no significant federalism issues are raised when private
employers are held liable for the constitutional torts of their employees.

*Id.*; *see also Segler v. Clark Cnty.*, 142 F. Supp. 2d 1264, 1268-69 (D. Nev. 2001) ("Although
EMSA is a state actor through its contract with LVMPD, the award of punitive damages against
EMSA would not punish taxpayers in the way such a decision would affect a municipality");
*Moore v. Wyo. Med. Ctr.*, 825 F. Supp. 1531, 1548 (D. Wyo. 1993) ("If defendant Wyoming
Medical Center is not entitled to qualified immunity under *Wyatt v. Cole*, then the same reasoning
precludes Wyoming Medical Center from asserting municipal immunity pursuant to [*Monell*]");
*Groom v. Safeway, Inc.*, 973 F. Supp. 987, 991 n.4 (W.D. Wash. 1997) ("The cases cited by the
parties provide no binding authority and little persuasive authority for the proposition that a private
entity cannot be vicariously liable for the actions of its employees if those actions violate § 1983");
Barbara Kritchevsky, *Civil Rights Liability of Private Entities*, 26 Cardozo L. Rev. 35, 74 (2004)
(advocating imposition of vicarious liability in § 1983 suits for private corporations because the
concerns of *Monell* with regard to municipalities do not apply to private corporations). Indeed,
another court in this district has questioned the wisdom of applying *Monell* to private entities.

The policy considerations which prompted the Supreme Court to reject qualified
immunity for private prison guards are the same considerations which suggest that
private corporations providing public services, such as prison medical care, should
not be immune from *respondeat superior* liability under § 1983. In the context of
a claim that the deprivation of medical care amounted to a constitutional violation,
proof of such claim would almost certainly prove a case of ordinary state law
malpractice where *respondeat superior* would apply. It seems odd that the more
serious conduct necessary to prove a constitutional violation would not impose
corporate liability when a lesser misconduct under state law would impose
corporate liability.

*Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 n.4 (D.N.J. 2000).

**B.  False Charges**

With regard to the claims of alleged false charges and sham parole terms, and related claims

of alleged false arrest, malicious prosecution, and false imprisonment, those claims are barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court stated,

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted).  "[A] state prisoner's § 1983 action is barred (absent prior

invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in

that action would necessarily demonstrate the invalidity of the confinement or its duration."

*Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S.

74, 81–82 (2005)).

Here, in order for Plaintiff's claims related to the alleged false charges and sham parole

terms to succeed, success would necessarily demonstrate the invalidity of his confinement, or its

duration.  This is so whether the claims stem from the alleged false arrest, malicious prosecution,

or false imprisonment that resulted from those alleged false charges and sham parole terms.  The

Complaint does not allege, however, that any of these charges have been overturned, invalidated,

or otherwise exonerated.  Indeed, Plaintiff has filed a concurrent habeas petition with this Court

challenging these charges against him, which the Court has yet to rule upon.  *See Baadhio v. Att'y*

*Gen.*, No. 15-2444 (D.N.J. filed Apr. 7, 2015).  As such, Plaintiff's claims are barred by *Heck* at

this time, and are dismissed without prejudice.

## C. False Eviction Incident

With regard to the claims arising out of the false eviction incident, the Court finds that they are not related to the claims arising out of the May 8, 2014 incident, and therefore cannot be joined in the same action under Federal Rules of Civil Procedure 18 and 20. Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20 limits the joinder of defendants – Rule 20(a)(2) states that "persons ... may be joined in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also McDaniel v. Lanigan*, No. 12–3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012).

But this application, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam)); *see also Miller v. Lanigan*, No. 12–4470, 2013 WL 1750138, at *2 (D.N.J. Apr. 23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading in violation of Rule 18 and 20). In a case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed. R. Civ. P. 21).

7

As the Court finds that Plaintiff's claims arising out of the May 8, 2014 incident are unrelated to the claims arising out of the false eviction incident, the Court will, pursuant to Federal Rule of Civil Procedure 21, dismiss all claims arising out of the false eviction incident without prejudice. Moreover, the Court finds that the prison conditions claim against CEC is also unrelated to the May 8, 2014 incident, and therefore will similarly be dismissed without prejudice. Plaintiff may assert the aforesaid claims by filing new, separate actions.

## IV.    CONCLUSION

For the reasons set forth above, all claims other than those arising out of the May 8, 2014 incident for excessive force and denial of medical services are **DISMISSED WITHOUT PREJUDICE**. Additionally, all claims against Saint Francis Hospital are **DISMISSED WITHOUT PREJUDICE**. The remaining claims arising out of the May 8, 2014 incident are allowed to **PROCEED**.

_____
**Michael A. Shipp, U.S.D.J.**

Dated: _10/23/15_

8