UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 21, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record & Randy Baadhio

Re:  *Randy Baadhio v. Brian Hofacker, et al.*
     Civil Action No. 15-2752 (MAS) (DEA)

Dear Mr. Baadhio and Counsel:

This matter comes before the Court on Defendant Nurse Lauren Sinclair's ("Nurse Sinclair") Motion for Summary Judgment against Plaintiff Randy Baadhio ("Plaintiff"). (ECF No. 67.) Plaintiff failed to file opposition. Accordingly, the Court issued a Text Order, extending Plaintiff's deadline to file opposition, and permitting Plaintiff to file opposition by July 19, 2017. (ECF No. 90.) In the Text Order, the Court cautioned Plaintiff that if he failed to file opposition by the extended deadline, "the Court [would] consider [Nurse Sinclair's] Motion for Summary Judgment unopposed." (*Id.*) Plaintiff, nevertheless, failed to file opposition. The Court has reviewed Nurse Sinclair's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submission, Nurse Sinclair's Motion for Summary Judgment is GRANTED.

The instant action arises from the alleged restraint and subsequent assault of Plaintiff in the emergency room of St. Francis Hospital in Trenton, New Jersey, on May 8, 2014. (Compl. at 2, ECF No. 1.) According to the Complaint, Nurse Sinclair allegedly witnessed and failed to stop the purported assault of Plaintiff by Defendants Monica Braun and Timothy Bruey. (*Id.* at 11.) Plaintiff further alleged that Nurse Sinclair failed to stop the subsequent cover up of the incident and ignored Plaintiff's requests for medical assistance following the incident. (*Id.*) Accordingly, Plaintiff brought his claims pursuant to 42 U.S.C. § 1983 for the use of excessive force and the denial of medical services. (*See* Nurse Sinclair's Moving Br. 7, ECF No. 67-2 (acknowledging that "all claims [remaining] against Nurse Sinclair . . . [are] under 42 U.S.C. § 1983 and [the Eighth] Amendment").) Nurse Sinclair now moves for summary judgment. (ECF No. 67.)

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party."

*Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250).

In support of her Motion for Summary Judgment, Nurse Sinclair filed a Local Civil Rule 56.1 Statement of Undisputed Material Facts ("SUMF"). (SUMF, ECF No. 67-2.) According to her SUMF, Nurse Sinclair did not witness or fail to stop the purported assault of Plaintiff by Defendants Monica Braun and Timothy Bruey. (SUMF ¶¶ 5-6, 8, 11.) Additionally, Nurse Sinclair alleges that she was not involved in the purported cover up and did not ignore Plaintiff's requests for medical assistance. (*Id.* ¶¶ 7-13.) Because Nurse Sinclair's Motion is unopposed, the Court deems Nurse Sinclair's SUMF to be undisputed. *See Russo v. Kessler Inst. for Rehab., Inc.*, No. 12-2426, 2015 WL 2159068, at *4 n.2 (D.N.J. May 6, 2015) ("[F]acts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted." (alteration in original) (citing L.Civ.R. 56.1)). Accordingly, the Court finds that there are no genuine disputes of material fact and that Plaintiff no longer has a viable claim under the Eighth Amendment and 42 U.S.C. § 1983. The Court, therefore, finds that Nurse Sinclair is entitled to judgment as a matter of law.

For the foregoing reasons, the Court GRANTS Nurse Sinclair's Motion for Summary Judgment. An order consistent with this Letter Opinion will be entered.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE